## In re Emma YOKLEY.

### Bankruptcy No. 188–07951.

United States Bankruptcy Court,
M.D. Tennessee.

May 17, 1989.

David Kozlowski, Legal Services of South Central Tennessee, Inc., Columbia, Tenn., for debtor.

John W. Steenbergen, III, Columbia, Tenn., for Columbia Housing Authority.

Suzanne Mossman, Nashville, Tenn., for Chapter 13 Trustee.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This case is before this court on the objection of the Columbia Housing Authority to confirmation of the debtors proposed Chapter 13 plan. The following constitute findings of fact and conclusions of law. Fed.R.Bankr.P. 9014, 7052.

Under the plan the debtor will assume her residential lease from the lessor Columbia Housing Authority by paying the current rent and curing the default damages of $1,076.50 through payments that will take approximately two years. The Housing Authority objects asserting that this proposal violates § 365 of the code. 11 U.S.C. § 365 (Supp. V 1987). For the reasons stated the court agrees with the Housing Authority and finds that the plan cannot be confirmed.

Section 365 allows a debtor to assume an unexpired lease if the debtor cures, or provides adequate assurance that the debtor will promptly cure the default. The Housing Authority secured a judgment against the debtor in the amount $1,076.50 for her default on the rent on the apartment. The debtor then filed this Chapter 13 proceeding. The question is whether paying the $1,076.50 judgment over approximately two years promptly cures the default on the lease. The court finds that under the circumstances here stretching the payments out for that period of time is not prompt.

The debtor has only cited one case to the court which authorized payments stretched out over such a long period of time. *In re: Coors of North Mississippi, Inc.*, 27 B.R. 918 (Bankr.N.D.Miss.1983). In that case the court approved a plan which cured a default on an executory contract through payments spread over three years. The court relied heavily on three factors: (1) the entity which intended to assume the debtor's obligations under the contract had such strong financial resources that completion of the cure was adequately assured; (2) the future contractual relationship was expected to be so long that the three year cure period was relatively short when compared to it; and (3) the creditor had acted improperly in the bankruptcy by extracting from the debtor post-petition payments to satisfy part of the pre-petition default on the contract.

The debtor has failed to demonstrate that any of these factors are present here.

She has not shown that her financial resources adequately assure the completion of the cure. She has not shown that the two year cure period would be relatively short when compared to the entire expected future relationship. She has not shown any improper activity by the Housing Authority. No other case cited by the debtor has held payments spread out over such a long period of time to be prompt cure of a default.

The court accordingly finds that the proposal does not meet the requirements of § 365 and that the plan may not be confirmed.

IT IS THEREFORE SO ORDERED.